IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ESTATE OF VICENTA CELIS, <br> PLAINTIFF, | NO. 21-CV 04612 |
| VS. | HONORABLE |
| JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, <br> DEFENDANT(S). | |

# **VERIFIED COMPLAINT**

### I. PARTIES AND JURISDICTION

1. Vicenta M Celis died on August 24, 2016, an individual who resided in Cook County, Illinois.

2. The Petitioner, the Estate of Vicenta M. Celis was opened on June 26, 2017, in the Circuit Court of Cook County Probate Division, case No. 2017 P 004086 ("Estate") and her son Benjamin M. Celis ("Administrator"), was appointed the Administrator of the Estate.

3. Defendant John Hancock Mutual Life Insurance ("Hancock") is a State of Massachusetts Corporation with a listed business address as 200 Berkeley Street, Boston Massachusetts 02117.

### II. NATURE OF ACTION

4. Plaintiff incorporates all preceding allegations herein.

5. Plaintiff alleges Hancock has in bad faith refused acknowledgement of Plaintiff's existence of an account, refuses to provide payment on the policy and has deprived Plaintiff's beneficiaries' use of their property.

### III. FACTS

6. The Administrator conducted an investigation of the assets of the Estate and determined that at the time of her death, Vicenta M. Celis had a John Hancock Guaranteed Access Account, Account # 63003693-3, with a minimum balance of $156,000 ("Guaranteed Access Account") See Attached Confirmation Certificate of Guaranteed Access Account, Exhibit A.

7. Through further investigation, Administrator as able to discover certain correspondence from John Hancock confirming that confirming that the Guarantee Access Account belonged to the deceased as substantiated by the following:

    a. Monthly Statement for the Guaranteed Access Account dated October 5, 2003, See Exhibit B; and

    b. Guaranteed Access Account Beneficiary Designation Form signed by the deceased on September 16, 2000 naming her sons, Benjamin M. Celis and Mario M. Celis, her beneficiaries under her Guaranteed Access Account, See Exhibit C.

8. Sometime after the date of death, the beneficiaries received a letter from a John Hancock representative Leotha Z. Goss, expressing her condolences on Vicenta M. Celis' recent death and advising the beneficiaries of their rights under the Guaranteed Access Account. See Leotha Z. Goss Letter (with subsequent added notes) Exhibit D.

9. Since being named the Administrator in of the Estate, Benjamin M Celis has conducted a diligent investigation included the following:

    a. Numerous phone calls to various John Hancock representatives to try and get acknowledgement of the Guaranteed Access Account.

    b. At a subsequent meeting with a financial advisor Cesar Tovias, where phone calls were made: first, to Mr. Dan Glen of the John Hancock annuity department and where it was determined that the "last transaction record" on the Guaranteed Access Account had

been January 7, 2020, and a phone call to "Jacki" from the life insurance department. Neither of these phone calls achieved their intended purpose of having John Hancock agree to pay out on the Guaranteed Access Account.

c. At a subsequent meeting with the Estate's counsel, Fernando R Carranza in which Mr. Carranza filled out and submitted a "Lost or Unclaimed Policy / Search request on the John Hancock website which guaranteed a response within 7-10 days. No response was ever received from John Hancock on this request. See Exhibit E.

10. Despite the Administrator repeatedly contacting John Hancock to get them to acknowledge the existence of the Guaranteed Access Account, nonetheless John Hancock has, in bad faith, categorically refused to confirm existence of the account. Moreover, despite evidence to the contrary John Hancock, in bad faith, has refused to pay out on the account.

## COUNTS

### COUNT I:

### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

11. Plaintiff incorporates all preceding allegations herein.

12. Plaintiff's Count I is an action for Breach of Duty of Good Faith and Fair Dealing for Defendants refusal to provide proper payment on Plaintiff's policy.

13. Under Section 155 of the Illinois Insurance Code, an insured or an assignee may recover damages from an insurer of the insurer disputes the amount of the loss payable on a claim, delays settling a claim, or refuses to provide coverage and the insurer's action or delay was unreasonable or vexatious. 215 ILCS 5/155

**WHEREFORE**, Plaintiff prays this Court enter a Judgment in favor of Plaintiff and against Defendant:

a. requiring Defendant to provide proper payment to Plaintiff's beneficiaries.

b. Award Plaintiff to recover all relief due to Defendant's Breach of Duty of Good Faith and Fair Dealing.

c. Award Plaintiff its reasonable attorney's fees for this action;

d. And for other such relief this Court deems just.

Respectfully submitted,

/s/ Fernando R. Carranza

**Fernando R. Carranza**
Fernando R. Carranza & Assoc., Ltd.
Firm # 40334
One of its attorneys
5814 W. Cermak Rd.
Cicero, IL 60804
Phone: 708/416-0034
Fax: 708/416-0043

## VERIFICATION CERTIFICATION

Under penalties of perjury as provided by law pursuant to 735 ILCS 5/ 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct except as to matters therein stated to be on information and belief and, as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

BENJAMIN CELIS

Dated this 14 day of April, 2021.